UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:11-82

JIMMY NELSON and TAWANA NELSON,                                    PLAINTIFFS

v.                          **OPINION AND ORDER**

JOHN THOMAS CLARK, et al.,                                          DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Plaintiffs' Motion to Remand [DE 13]. Because the Plaintiffs have fraudulently joined a nondiverse insurance agent to this action, the Motion to Remand will be denied.

**I.    Facts.**

A fire caused damage to certain real and personal property belonging to the Plaintiffs, Jimmy and Tawana Nelson. Prior to the time of the fire, the Nelsons purchased an insurance policy with Defendant Nationwide Mutual Fire Insurance Company through either Defendant John Clark and Associates, Inc. or through Defendant John Thomas Clark d/b/a John Thomas Clark Agency. For purposes of this motion, it does not matter which of these Defendants sold the Nelsons the policy and, thus, they will be referred to collectively as "Clark." The Nelsons assert they submitted a claim against the policy to Nationwide to cover their losses but that Nationwide has refused to pay their claims.

Nationwide then filed an action in federal court asking the Court to declare the Nelsons' insurance policy null and void for a variety of reasons, the most relevant of which to this action is that the Nelsons represented on the policy application that neither

had been convicted of a felony in the preceding 10 years when Jimmy Nelson actually did have a felony conviction in that time period. That federal action has been assigned to the Honorable Amul R. Thapar. *See Nationwide Mutual Fire Insurance Co. v. Nelson, et al.*, No. 7:11-cv-00032-ART.

After Nationwide filed its federal declaratory action, the Nelsons filed this action in Johnson Circuit Court asserting breach of contract and bad faith claims against Nationwide. The Nelsons also assert a negligence claim against Clark. For this claim, the Nelsons assert that Clark knew that Jimmy Nelson had a felony conviction but negligently allowed the Nelsons to state on the policy application that he did not. The Nelsons argue that, if a court should determine that Nationwide appropriately denied the Nelsons' claims based on the misrepresentation, then Clark should have to pay for the Nelsons' losses caused by the fire. [DE 1, Complaint, ¶ 15].

Nationwide removed the action to this Court. The Nelsons followed with a motion to remand the matter back to Johnson Circuit Court.

**II.    Analysis.**

The federal removal statute, 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time the notice of removal is filed. *Id*.

The Nelsons and Clark are Kentucky citizens. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the

removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Id*. (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

Nationwide asserts that the non-diverse Clark has been fraudulently joined. The burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id*.

The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id*. Nationwide, therefore, bears the burden of showing that there is not even arguably a reasonable basis for predicting that Kentucky law might impose liability on Clark.

In order to state a negligence claim under Kentucky law, a plaintiff must establish the following elements: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992).

The Nelsons do not allege that they disclosed the felony conviction to Clark who

3

then failed to put that information on the insurance application. Instead, the basis for their negligence claim against Clark is that Clark did not prohibit them from completing the application with false information. In other words, at least for purposes of this motion, the Nelsons do not dispute that they made misrepresentations on the application but argue that Clark should be held liable to them because he did not stop them from doing so.

In order for the Nelsons to succeed on their negligence claim against Clark, they must establish that an insurance agent has a duty *to the insured* to prohibit *the insured* from making misrepresentations on an insurance application.

While the agent may well have a duty *to the insurance company* to prohibit an insured from making such misrepresentations, the Court has been unable to locate any cases holding that an insurance agent owes the same duty *to the insured* who has himself made the misrepresentations. In fact, Kentucky courts hold that "if the applicant knows that false answers are being placed on the application he will be responsible for them." *Ketron v. Lincoln Income Life Ins. Co.*, 523 S.W.2d 228 (Ky. 1975).

Thus, the Court does not find any reasonable basis for predicting that a Kentucky court would hold an insurance agent liable to the insured for negligence where the insured himself places false answers on an insurance application and the agent fails to stop him from doing so.

In their Complaint, the Nelsons also assert that Clark "intentionally" permitted them to put false information on their insurance application. Again, the Court finds no reasonable basis for predicting that a Kentucky court would hold Clark liable *to the Nelsons* even if he intentionally, as opposed to negligently, permitted them to put false information on the application. Because Clark has been fraudulently joined to this action,

4

the motion to remand will be denied.

Nationwide has moved to consolidate this action with the federal action it previously filed which has been assigned to Judge Thapar. The Nelsons state they have no objection to consolidation should this Court deny their motion to remand. While the Court will not rule on the motion to consolidate, it does find that this matter is related to *Nationwide Mutual Fire Insurance Co. v. Nelson, et al.*, No. 7:11-cv-00032-ART and, thus, will order that this matter be reassigned to Judge Thapar pursuant to paragraph 10 of this Court's General Order No. 11-3.

### III. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1) the Motion to Remand [DE 13] is DENIED; and

2) this case is REASSIGNED for all further proceedings to the Honorable Amul R. Thapar, Judge, United States District Court for the Eastern District of Kentucky.

Dated this 14th day of October, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge